■    COUNTY AGGREGATES, INC., Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant.    (Claims Nos. 38794, 39247 and 39634.) — GIBSON, P. J.    Cross appeals from judgments of the Court of Claims for damages for appropriations of land aggregating 41.4 acres for highway purposes, taken from a tract of 95.8 acres in the Towns of Smithtown and Islip, leaving claimant with separated parcels aggregating some 54.4 acres. The tract was barren and for many years had been used sporadically for sand and gravel excavation. Although a part was zoned light industrial and a part residential, all of it had the benefit of a nonconforming use for the excavation of sand and gravel and, in fact, had

never been put to any other use; and there was no proof that any other use was ever contemplated or was under consideration at the time of the appropriation. These facts, plus the unity of ownership, use and operation of the single tract, constitute a complete answer to claimant's contention that the court's findings and conclusions, though in great detail and some 407 in number (of which claimant itself submitted 263) were not sufficiently specific and did not sufficiently break down and segregate valuations as between various parts of the property, the segmentation of which according to claimant's theory would have been largely artificial and completely unnecessary in the light of the circumstances hereinbefore outlined. The problem presented involves quantum merely and the findings in respect thereof were within the range of the testimony. Further, the proof of the prices paid on prior sales of the entire tract affords additional and persuasive reason for affirmance, at least as against claimant's appeal. Four years before the first appropriation the property was sold for $480,000 but subsequently, in lieu of foreclosure of the purchase-money mortgage, was conveyed back to the vendor, who sold it to claimant, six months before the first appropriation, for $320,000. The awards, for substantially less than one half of the area, aggregate $403,353. The State, as cross appellant, withdrew its appeals with respect to the awards for the first and second takings; maintaining, for protective purposes, its appeal from the award of consequential damages of $13,146 in connection with the third taking, pending possible review by the Court of Appeals of *Yochmowitz* v. *State of New York* (25 A D 2d 930), in which the motion for leave to appeal was, however, subsequently denied (18 N Y 2d 579). We perceive no sound basis for appellant-respondent's claim of inadequacy and we find no legal error warranting reversal. Judgments affirmed, without costs. Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.